UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BELTRAN,<br>Plaintiff,<br>v.<br>FEDERAL EXPRESS CORPORATION, successor by merger to FedEx Ground Package System, Inc.,<br>Defendant. | Case No.: 26-cv-03217-AJB-MMP<br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY CASE PENDING MEDIATION**<br>**(Doc. No. 5)** |

Before the Court is Plaintiff Michael Beltran's unopposed motion to stay the instant action "so that the parties can diligently pursue settlement negotiations." (Doc. No. 5.) Plaintiff states that "[t]he parties have begun engaging in substantive settlement discussions for this and other cases and have recently agreed to engage in mediation on August 31, 2026." (*Id.* at 2.) To that end, Plaintiff seeks to stay this case until at least September 30, 2026. (*Id.* at 3.)

Based on Plaintiff's previous representations, Plaintiff initially had opted into the conditionally certified collective action *Claiborne v. FedEx Ground Package Sys., Inc.*,

No. 2:18-cv-01698 (W.D. Pa.). When that action was voluntarily decertified, Plaintiff filed claims against FedEx in the mass action case of *Abner v. Federal Express Corp., s/b/m to FedEx Ground Package Sys., Inc.*, No. 2:24-cv-01129-RJC (W.D.Pa.).[1] (Doc. No. 1 at 1.) On May 18, 2026, the *Abner* court ordered Plaintiff's claims severed and directed Plaintiff to refile *his individual claims* in the appropriate district if he intended to pursue them. (*Id.*)

Despite the initial complaint here being filed on May 22, 2026, the history of this litigation is years long and none of the history is addressed or even acknowledged by Plaintiff's motion. Such omission when the litigation history between these parties appears to be upwards of eight years considering *Claiborne* and *Abner* (or two years considering *Abner* alone) undermines the sufficiency of Plaintiff's general statement of settlement negotiation efforts. Weighing the minimal information provided in Plaintiff's motion against the history of the parties' litigation, the Court is not convinced that delaying this individual action further would serve the values of efficiency or justice. Moreover, in general, it is this Court's opinion that the possibility of settlement at private mediation rarely warrants a stay. Mediation, unlike arbitration, is a non-binding method of dispute resolution that seeks to help litigants voluntarily reach their own agreement. *See, e.g.*, *Jeld-Wen, Inc. v. Superior Ct.*, 146 Cal. App. 4th 536, 540 (2007). There is no guarantee—despite the parties' good intentions—that this action will be resolved by the August Mediation. In the interim, this action will languish on the Court's docket, discovery may grow stale, and the interests of justice and efficiency will be undermined.

///

---

[1] Commenced on August 6, 2024, "*Abner* involve[d] a frankly astounding 11,643 named Plaintiffs[.]" Memorandum Opinion, *Abner v. Federal Express Corp., s/b/m to FedEx Ground Package Sys., Inc.*, No. 2:24-cv-01129-RJC (W.D.Pa. May 18, 2026), Doc. No. 54 at 5. The *Abner* court "believe[d] that Plaintiffs filed these mass actions as a tactical maneuver around the standard class or collective action procedures, as Plaintiffs . . . acknowledged that they could not maintain their claims as either a collective or class action." *Id.* In response to the *Abner* court's challenges, the *Abner* plaintiffs requested their claims be severed and transferred. *Id.* at 6. The *Abner* court agreed to sever the claims but found that "[t]he request for the Court to transfer these cases [wa]s neither just nor warranted," considering that the plaintiffs had "improper[ly]" "filed a nationwide mass actions" and then "sought to shift the burden of the filing of their individual claims to the Court." *Id.*

Accordingly, the Court **DENIES without prejudice** Plaintiff's motion.[2] If proof of service of the amended complaint is not filed by **August 20, 2026**, the Court will dismiss the action without prejudice. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

**IT IS SO ORDERED.**

Dated: July 27, 2026

Hon. Anthony J. Battaglia
United States District Judge

---

[2] Plaintiff is cautioned that the motion does not comply with this district's Civil Local Rules because it files a proposed order on the docket. *See* Elec. Case Filing Admin. Pol's & Proc. Manual § 2.h ("Registered users SHOULD NOT FILE OR SUBMIT proposed orders within the electronic filing system.") (emphasis in original). As this is the second time the Court has had to address compliance with the Civil Local Rules (*see* Doc. No. 3 at 1–2), the Court admonishes Plaintiff that future non-compliant fillings will be stricken. *See* CivLR 5.4.f ("The Court may direct the Clerk to strike from the record any document which fails to comply with the requirements for electronic filing set forth in the Administrative Policies and Procedures Manual.").